THOME, Appellant, vs. CRAWFORD, Respondent.

*May 27—June 25, 1919.*

*Bills and notes: Payment of note: Evidence.*

In an action to compel delivery of a note given by plaintiff to deceased and by deceased bequeathed to defendant, the evidence is *held* to sustain a finding that the note had not been paid.

APPEAL from a judgment of the circuit court for Monroe county: JAMES O'NEILL, Judge.    *Affirmed.*

Action to compel the delivery to plaintiff of a promissory note of $5,000 given by him to Elizabeth J. Stringham and by her bequeathed to the defendant.    The action is based on the ground that plaintiff had paid the note in full to Mrs. Stringham in her lifetime.    The circuit court found that the note had not been paid and entered judgment dimissing the complaint, and the plaintiff appealed.

*Howard Teasdale* of Sparta and *Frank Winter* of La Crosse, for the appellant.

*R. B. Graves* of Sparta, for the respondent.

VINJE, J.   Only a question of fact is presented by the appeal.   Was the note paid?   Plaintiff presented a receipt dated November 4, 1916, acknowledging full payment of the note and agreeing to deliver it to plaintiff within ten days. It is admitted that the receipt, which was typewritten, bears the genuine signature of Mrs. Stringham.   It is claimed by plaintiff that this receipt was typewritten upon the same machine that another receipt for the interest of $150 that day paid was typewritten, at about the same time, and without change of ribbon or cleaning the type.   The receipt for the payment of the note shows a sound ribbon and clean type. The one for the interest shows clogged type and a worn or broken ribbon.   There is also a marked variance in the spelling.   Plaintiff claims payment was made in cash.   The proof shows that Mrs. Stringham went to the bank after receiving the check of $150 for the interest and deposited that together with a draft for $60 received from another person, but made no deposit of $5,000 that day or afterwards, and the record is barren of evidence showing what became of the money if it was paid.   Mrs. Stringham left a personal estate of about $10,000, exclusive of the $5,000 note in question.   Both plaintiff and Mrs. Stringham lived in Sparta and she did not die till about five months after he claims he paid the note, and yet he made no effort to get it from her during that time. Defendant claims Mrs. Stringham, who was about seventy-five years old, was induced to sign the receipt for the payment of the note in the belief that she was signing a receipt for the payment of the previous semi-annual interest, for which no receipt had been given.   Such is in brief the nature of the case and the main character of the evidence from which the court found that the note was not paid.   We cannot disturb the finding.   It seems to be in accord with the weight of the evidence produced.

*By the Court.*—Judgment affirmed.